Jason B. Lattimore
**The Law Office Of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile:  (973) 264-1159

*Attorneys for Plaintiff,*
*Interlink Products International, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INTERLINK PRODUCTS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> AKDY IMPORTS, LLC, <br><br> Defendant. | Case No: <br> CIVIL ACTION <br><br><br> **COMPLAINT &** <br> **JURY TRIAL DEMAND** |

Plaintiff, Interlink Products International, Inc. (hereinafter "Interlink" or "Plaintiff"), by and through its undersigned attorney, hereby complains of Defendant, AKDY Imports, LLC ("Defendant"), as follows:

### THE PARTIES

1. Plaintiff is a New Jersey corporation with its principal place of business at 1315 East Elizabeth Avenue, Linden, NJ 07036.

2. On information and belief, Defendant is a California limited liability company with its principal place of business at 10912 Weaver Ave., South El Monte, California 91733.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the claims alleged pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1331, and also has jurisdiction over the claims pursuant to 28 U.S.C. § 1367(a) in that the state law claims alleged are so related to the claims over which the Court has original jurisdiction that they form part of the same case.

4. This Court has personal jurisdiction over Defendant in that it does business regularly in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c).

**NATURE OF THE CLAIMS**

6. This case arises out of Defendant's willful and persistent efforts to create the false impression that its showerheads emanate from the same source as or are affiliated with Interlink and its highly successful showerhead brands. Interlink is one of the leading sellers of showerheads on Amazon.com ("Amazon"). Defendant recently began selling its showerheads on Amazon. In an attempt to boost sales of its products and trade off of Interlink's goodwill, Defendant passes off its showerheads as those of Interlink by mimicking the promotional taglines of Interlink's product listings such that, when viewed on Amazon, Defendant's products appear to come from the same source as or to be affiliated with Interlink's products. Through their unfair competition, Defendant has diverted sales from Interlink and caused Interlink significant competitive harm. Interlink asserts claims against Defendant for federal and state statutory unfair competition, and common law unfair competition.

**FACTS**

7. Plaintiff, Interlink, is a New Jersey based research & development company specializing in the development, manufacturing and marketing of innovative consumer and

professional healthcare products in the shower and bath, personal care and cleaning categories. The company was founded in 1996 and built on conceptual and technological innovation, high product quality and excellence in customer service.

8. Interlink's products include several lines of showerheads that can be purchased from various online sources, including Amazon, where Interlink is one of the leading sellers of showerheads. Interlink's products can also be purchased from major retailers such as Wal-Mart and Bed Bath & Beyond.

9. Defendant competes directly with Interlink in interstate commerce for sales of showerheads to online consumers, including customers who purchase products through Amazon.

10. In early July, 2015, Interlink began a promotional campaign on Amazon.com premised on the extension of July 4th sales pricing on certain showerheads. As part of the campaign, Interlink replaced the heading in its Amazon.com product listings for those showerheads with the following promotional language:

> Best of 4th of July Sales Extended! Limited Time Offer – Save more than [number]% on [model of showerhead] from Top Manufacturer!

Samples of Interlink's advertising under this promotion are attached as Exhibit A.

11. In a blatant effort to trade off of the goodwill and popularity of Interlink's showerheads, Defendant replicated Interlink's extended July 4th sale promotional product titles for use in Defendant's product listings on Amazon so that customers viewing the product listings for Interlink's products would see Defendant's listings and believe that the products being sold by Defendant emanated from the same source or were affiliated with Interlink and its brands. Examples of Defendant's product listings imitating the listings of Interlink are attached as Exhibit B.

12. Interlink has since run similar promotions on Amazon. On July 15, 2015, Amazon held its "Prime Day" sales event, in which Interlink participated by running sales on certain of its items. As with the July 4 sale, Interlink extended its Prime Day promotional efforts by updating certain of its product listing headings with language using the following formula:

> Prime Deal Extended! Limited Time Offer – Save more than [number]% on [model of showerhead] from Top Manufacturer!

13. As it did with Interlink's July 4th listing heading, Defendant mimicked Interlink's Prime-Deal-Extended listing heading, using a nearly identical product heading to make it appear as if its products were offered by or affiliated with Interlink and its products. *See* Exhibit C.

14. On Friday, July 24, 2015, Interlink began a new promotion using the following product listing heading language:

> Mid-Summer Price Madness! Limited Time Offer – Save more than [number]% on [model of showerhead] from Top Manufacturer!

*See* Exhibit D.

15. By the morning of the next business day, Defendant had already posted its own product listing mimicking Interlink's headings. *See* Exhibit E. Apparently, Defendant has one or more of its employees monitor Interlink's product listings so that Defendant can mirror any changes Interlink makes to its product listings almost immediately after the changes are implemented.

16. Customers viewing Defendant's product listings and those of Interlink on Amazon see identical or nearly identical product headings for both sets of products, which immediately conveys to customers that the products are associated. Because Amazon only displays the first portion of a product heading when displaying various product options to customers, Defendants and Interlink's product listings appear to have the exact same or nearly

identical listing headings.  *See* Exhibit F.  Defendant is aware of that fact and has used it to exploit the popularity of Interlink's products to Defendant's benefit.

17. In order to further accomplish its goal of misleading customers into believing that Defendant's products are affiliated with Interlink, Defendant imitated the style of Interlink's product images by creating images that are identical in style, design, content and background to those used by Interlink.  Interlink often presents its showerheads against a dark background showing the showerheads with water flowing through them from a side angle viewpoint.  Defendant presents its products in an identical manner.  Defendant's use of imagery that mimics that employed by Interlink to present its products exacerbates the deception of customers caused by Defendant's use of language from Interlink's product headings.

18. Defendant also made sure to focus its mimicking of Interlink's product headings on the most popular styles of showerheads sold by both Defendant and Interlink to maximize the likelihood that the products would be displayed together on Amazon.  Thus, for instance, when a customer views Interlink's HotelSpa® dual showerhead combination product in the number three spot on Amazon's best-selling products list, Defendant's dual showerhead combination product appears just to the right of it under "Hot New Releases" with an identical product heading, the exact same style of product presentation, but a lower price than the Interlink product.  *See* Exhibit F (first page).  Consequently, customers see what they think is a lower priced product from the same manufacturer as the highly rated, top-selling product, when in fact they are looking at Defendant's unrelated product.  That, in turn, draws customers to Defendant's product pages where they likely either purchase the deceptively listed product or purchase another showerhead product from Defendant.

19. The headings for the promotional product listings Interlink has used on Amazon are distinctive and distinguish Interlink's products from those sold by other showerhead manufacturers. The word order and meaning of the words selected, along with the capitalization and punctuation used by Interlink in the listing headings at issue creates a distinct impression causing customers to associate the listing headings with a single product source. The style and appearance of the photographs Interlink uses in its product listings further distinguishes Interlink as a unique source of showerheads, particularly when used in combination with the product headings at issue.

20. Defendant's conduct described herein is likely to confuse consumers as to origin, sponsorship, or approval of the products at issue. Defendant's deceptive actions cause customers viewing the product listings at issue to believe that the products offered by the respective parties share a common source or sponsorship when, in fact, they do not.

21. On information and belief, consumers actually have been confused by Defendant's conduct, viewing both Interlink's product listings and those of Defendant and believing the products in question to have emanated from the same source or affiliated sources.

22. In addition to using Interlink's listing headings to create confusion as to the source or affiliation of its showerheads, Defendant has also engaged in deceptive conduct with respect to the promotion of its products. Defendant represented in its "4th of July Sales Extended" listings that it was providing customers with an extended opportunity to obtain July 4th discount prices when, in fact, Defendant did not even begin selling many of the showerheads at issue until July 6, 2015 or later. Product listings for Defendant's showerheads containing the foregoing misrepresentation are attached as Exhibit G. Defendant misrepresented that it was extending a sale on the items identified in Exhibit G in order to entice customers to view its

6

showerhead listings and purchase its showerheads believing that they were obtaining an extended sale price when, in fact, they were not.

23. Defendant's statement that its products were being sold pursuant to an extended sale was literally false.

24. Defendant's statement that its products were being offered at a July 4th sale price when, in fact, they were not was material to the decision of customers to purchase the showerheads in question.

25. Absent Defendant's misrepresentations, it is likely that Interlink would have made the sales of the products at issue that Defendant made.

26. Defendant is unjustly enriched by its deceptive conduct in the form of increased sales and market share from customers purchasing showerheads from Defendant after following its deceptive product listings.  Defendant is further unjustly enriched by the goodwill it establishes with those customers in the form of repeat sales and sale of items other than showerheads to customers who became familiar with Defendant and its products by reason of Defendant's misleading product listings.

27. Defendant's foregoing conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a) entitling Interlink to an award of enhanced damages and reasonable attorney's fees.

28. The acts of Defendant described herein have been and continue to be in bad faith and conscience and in deliberate disregard of Interlink's rights and with the intention of depriving Interlink of monies that Interlink would otherwise receive or otherwise unjustly enriching Defendant.

29. Through the foregoing conduct described in this Complaint, Defendant has acted in wanton and willful disregard of Interlink's rights such that Interlink is entitled to an award of punitive damages.

## COUNT I
## (Unfair Competition/Passing Off - 15 U.S.C. § 1125 (a))

30. Plaintiff restates and realleges the allegations of paragraphs 1-29 as if fully set forth herein.

31. Through the foregoing conduct, Defendant used in connection with its showerheads, in commerce, combinations of words and symbols, and false designations of origin, that are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant's showerheads in violation of 15 U.S.C. § 1125(a).

32. Defendant's deceptive conduct has caused and will continue to cause immediate and irreparable injury to Interlink, including declining sales, damage to goodwill, and loss of market share, for which there is no adequate remedy at law.

33. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees, costs and any other relief the court deems just.

## COUNT II
## (Unfair Competition/False Advertising - 15 U.S.C. § 1125 (a))

34. Plaintiff restates and realleges the allegations of paragraphs 1-33 as if fully set forth herein.

35. Through Defendant's misrepresentations in its advertising and promotion regarding the continuation of July 4th sales pricing on products Defendant did not even begin selling until after the July 4th weekend was over, Defendant made and continues to make false or

misleading statements as to the nature and qualities of its showerheads and Defendant's commercial activities with respect to those showerheads.

36. Defendant's false and misleading statements and omissions regarding its showerheads and related commercial activities are literally false, deceived and continue to deceive consumers purchasing Defendant's showerheads, and otherwise have the tendency to deceive potential purchasers of Defendant's showerheads.

37. The deception brought about by Defendant's false and misleading statements and omissions detailed in the preceding paragraphs was and is material in that those statements and omissions likely influenced and will continue to influence purchasing decisions concerning Defendant's showerheads.

38. Defendant's goods travel in interstate commerce.

39. Defendant's deceptive conduct has caused and will continue to cause immediate and irreparable injury to Interlink, including declining sales, damage to goodwill, and loss of market share, for which there is no adequate remedy at law.

40. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees, costs and any other relief the court deems just.

## COUNT III
### (Unfair Competition – N.J.S.A. § 56:4-1)

41. Plaintiff restates and realleges the allegations of paragraphs 1-40 as if fully set forth herein.

42. Through the foregoing conduct, Defendant has committed state statutory unfair competition.

43. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees, costs, punitive damages and any other relief the court deems just.

## COUNT IV
### (Common Law Unfair Competition)

44. Plaintiff restates and realleges the allegations of paragraphs 1-43 as if fully set forth herein.

45. Through the foregoing conduct, Defendant has committed common law unfair competition.

46. Accordingly, Interlink is entitled to judgment awarding it preliminary and permanent injunctive relief, treble damages, disgorgement of profits, attorney's fees, costs, punitive damages and any other relief the court deems just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

I.   That Defendant, its officers, agents, servants, employees, attorneys, privies, subsidiaries, divisions, successors and assigns, and all persons and organizations in active concert, participation or combination with any of the foregoing be permanently enjoined from and/or Ordered to:

   A. Cease making or employing any statements, words or symbols that are likely to cause confusion or mistake as to the origin, sponsorship or approval of Defendant's showerheads with respect to Plaintiff's showerheads, including without limitation the use of Amazon.com product headings that mimic or closely approximate the product headings employed by Plaintiff;

B. Cease making or employing any false or misleading statements to the effect that its products are being sold pursuant to an extended sale price when, in fact, there was no initial sale to extend with respect to the product in question; and

C. Cease selling showerheads for a period sufficient to correct for any gains in market share attributable to the conduct at issue in this lawsuit.

II. That Plaintiff obtain the following relief:

A. An accounting and disgorgement of all profits Defendant has gained through the sale of showerheads using product listing headings that mimic, closely approximate or are otherwise likely to cause confusion as to the origin, sponsorship or approval of Defendant's showerheads with respect to Plaintiff's showerheads;

B. An accounting and disgorgement of all profits Defendant has gained through the sale of showerheads using advertising that misrepresented that its products were being sold pursuant to an extend sale when, in fact, they were not;

C. An accounting and disgorgement of all profits Defendant has gained and can reasonably be expected to gain as a result of customer loyalty and goodwill resulting from Defendant's deceptive conduct at issue in this lawsuit;

D. Compensatory damages in an amount to be determined at trial;

E. Treble damages;

F. Reasonable attorneys' fees and costs;

G. Punitive damages in an amount sufficient to deter future deceptive conduct on the part of Defendant or others similarly situated, but in no event less than $12,000,000; and

H. Any other relief in Plaintiff's favor that the court deems just and proper.

Dated: July 31, 2015                          Respectfully submitted,

                                              The Law Office Of
                                              JASON B. LATTIMORE, ESQ. LLC


                                              By  s/ Jason B. Lattimore
                                                  Jason B. Lattimore
                                                  55 Madison Avenue, Suite 400
                                                  Morristown, NJ 07960
                                                  Telephone: (973) 998-7477
                                                  Facsimile:  (973) 264-1159

                                                  *Attorneys for Plaintiff*
                                                  *Interlink International Products, Inc.*


## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues triable by jury.


Dated: July 31, 2015                          Respectfully submitted,

                                              The Law Office Of
                                              JASON B. LATTIMORE, ESQ. LLC


                                              By  s/ Jason B. Lattimore
                                                  Jason B. Lattimore
                                                  55 Madison Avenue, Suite 400
                                                  Morristown, NJ 07960
                                                  Telephone: (973) 998-7477
                                                  Facsimile:  (973) 264-1159

                                                  *Attorneys for Plaintiff*
                                                  *Interlink International Products, Inc.*

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

The undersigned hereby certifies that, to the best of his knowledge, this matter is not the subject of any other action pending in any court, or any pending or contemplated arbitration or administrative proceeding. The undersigned further certifies that, to the best of his knowledge, there are no additional parties who should be joined in this matter.

Dated: July 31, 2015                    Respectfully submitted,

                                        The Law Office Of
                                        JASON B. LATTIMORE, ESQ. LLC

                                        By  s/ Jason B. Lattimore
                                            Jason B. Lattimore
                                            55 Madison Avenue, Suite 400
                                            Morristown, NJ 07960
                                            Telephone: (973) 998-7477
                                            Facsimile:  (973) 264-1159

                                        *Attorneys for Plaintiff*
                                        *Interlink International Products, Inc.*